**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT of CHARLES TOURTELLOTTE, et al.,<br><br>Petitioners. | CIVIL ACTION NO. 09-2787 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

The petitioners, William Tourtellotte ("William"), Barbara Tourtellotte ("Barbara"), and Charles Tourtellotte ("Charles") (collectively "petitioners") commenced this action seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 ("the Limitation Act"). (Dkt. entry no. 1, Compl.) The claimant Teleflex Canada L.P. ("Teleflex") now moves to dismiss the Complaint insofar as it is asserted on behalf of William effectively pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and for summary judgment in its favor as to Barbara's claim. (Dkt. entry no. 24, Motion.) The petitioners oppose the motion. (Dkt. entry no. 27, Pet. Br.) The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will grant the motion insofar as it seeks to dismiss William's claims and deny without prejudice the motion insofar as it seeks summary judgment for Barbara's claims.

**BACKGROUND**

William was operating a boat owned by his parents, Barbara and Charles, on August 23, 2008 and was involved in a collision with a vessel owned by Michael Cucinotta ("Cucinotta"). (Dkt. entry no. 25, Cl. Br. at 3.)  Cucinotta thereafter commenced an action in New Jersey Superior Court alleging that William and Barbara's negligence caused the collision and subsequent damages and injury. (Id. at 4.)  He specifically alleged that Barbara and William "negligently inspected, maintained and serviced the boat," and that William operated the boat in a negligent manner. (Id.)  Following the commencement of the action in New Jersey Superior Court, the petitioners filed a petition in this Court seeking exoneration from or limitation of liability pursuant to the Limitation Act. (Id.)

**DISCUSSION**

**I.   12(b)(6) Standard**

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that

is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

**II.  Limitation Act**

The Limitation Act permits an owner of a vessel to "limit its liability for damages arising from an accident involving the vessel." In re Martello, 742 F.Supp. 1147, 1152 (S.D. Fla. 1990); 46 U.S.C. § 30505.  It provides limitation of liability for loss or damage if that "loss occurred without the owner's privity or knowledge."  In re Cirigliano, 708 F.Supp. 101, 103 (D.N.J. 1989).  "To invoke the benefits of the Limitation of Liability Act . . . an entity must be either an actual owner or owner pro hac vice of the vessel at issue." Norfolk Dredging Co. v. Costner, 264 F.Supp.2d 265, 267 (D. Md. 2003).  The party seeking limitation of liability under the Limitation Act "bears the burden of pleading facts establishing entitlement to do so." Id.  Pro hac vice ownership status is typically found when the

3

party seeking such status shows that it has sufficient responsibility and autonomy over the vessel.  Id.

### III. Current Motion

Teleflex contends that William is not entitled to the protections of the Limitation Act because he is not the owner or pro hac vice owner of the vessel.  (Claimant Br. at 10.)  It argues that William had no responsibility for the maintenance of the boat and "shouldered no part of the burden of ownership." (Id. at 16.)  Teleflex further argues that even if the Court deems William to be a pro hac vice owner of the vessel, he is not afforded protection under the Limitation Act because he was operating the vessel at the time of the collision.  (Id. at 17.) It contends that because he was operating the vessel at this time, it cannot be said that he was without "privity or knowledge" of the operation.  (Id. at 18.)

The petitioners contend that William is, in fact, a pro hac vice owner of the vessel and as such, is afforded protection under the Limitation Act.  (Pet. Br. at 6.)  They further argue that the Court should not dismiss the Complaint merely because William was operating the vessel at the time of the collision. (Id. at 13.)  They contend that in cases brought under the Limitation Act, the claimant has the initial burden of proving negligence.  (Id. at 10.)  Only after this burden is met should

the Court determine whether the owner had knowledge or privity. (Id.)

The fact that William was operating the vessel at the time of the collision is insufficient for purposes of this motion. "[A] denial of an owner's petition for exoneration from limitation of liability . . . [cannot] be based solely on a finding that the owner was the operator of the vessel at the time the collision occurred." Cirigliano, 708 F.Supp. at 103. The Cirigliano court found that summary judgment based solely on the fact that the alleged owner was operating the vessel at the time of the collision was inappropriate. Id. at 104.

The Court does find, however, that the Complaint fails to properly allege William's status as a pro hac vice owner of the vessel. The Complaint merely states that William Tourtellotte "was an owner pro hac vice of the [v]essel." (Compl. at 2.) It contains no allegations regarding William's responsibilities for and control over the vessel. The bare assertion of his status as pro hac vice owner is insufficient to survive this motion. See Norfolk, 264 F.Supp.2d at 267 (granting motion to dismiss where the amended complaint failed to allege any details about alleged pro hac vice owner's responsibilities); see also In re Chesapeake Shipping, Inc., 778 F.Supp. 153, 157 (S.D.N.Y. 1991) ("The complaint at bar falls far short of alleging that variety of responsibilities sufficient to confer . . . status sufficient to

invoke limitation of liability.")  The Court will, however, grant the petitioners leave to seek to amend their pleading to properly allege William's status as the pro hac vice owner.  See Norfolk, 264 F.Supp.2d at 267-68 (granting motion to dismiss but granting alleged pro hac vice owner leave to file amended pleadings to properly allege status as pro hac vice owner); Chesapeake, 778 F.Supp. at 158 (same).

Teleflex further seeks summary judgment as to the claim by Barbara because "no evidence has been developed upon which [she] could be held liable for damages".  (Claimant Br. at 22.)  The Court will deny without prejudice the part of the motion seeking summary judgment as the Court is granting the petitioners leave to seek to file amended pleadings.  The Court further notes that neither the petitioners nor Teleflex have adequately addressed whether summary judgment is appropriate.  (See id. at 22-23; Pet. Br. at 14.)

## CONCLUSION

The Court, for the reasons stated supra, will grant the motion in part and deny the motion in part.  The Court will issue an appropriate order and judgment.

                                          s/Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Dated:    July 8, 2010