**NOT FOR PUBLICATION**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

|   |   |
|---|---|
| IN THE MATTER OF THE COMPLAINT of CHARLES TOURTELLOTTE, et al., | CIVIL ACTION NO. 09-2787 (MLC) |
| Petitioners. | **MEMORANDUM OPINION** |

**COOPER, District Judge**

The petitioners, William Tourtellotte ("William"), Barbara Tourtellotte ("Barbara"), and Charles Tourtellotte ("Charles") (collectively "petitioners") brought this action seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 ("the Limitation Act"). (Dkt. entry no. 1, Compl.) After this Court's Order denying summary judgment as to Barbara and dismissing the Complaint insofar as it concerned William (dkt. entry no. 30, 7-8-10 Order), and with the Court's permission, the petitioners filed an Amended Complaint including further assertions as to William's status as owner pro hac vice of the KINGFISHER ("vessel"). (Dkt. entry no. 34, Am. Compl.)

The claimant Teleflex Canada L.P. ("Teleflex") moves to dismiss the Amended Complaint insofar as it is asserted on behalf of William effectively pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and for summary judgment in its favor as to Barbara's claim. (Dkt. entry no. 38, Cl. Mot.) The petitioners oppose the motion. (Dkt. entry no. 42, Pet. Br.) The Court determines the motion on the briefs without oral

hearing pursuant to Rule 78(b).  For the reasons stated herein, the Court will deny the motion insofar as it seeks to dismiss William's claims and deny the motion without prejudice insofar as it seeks summary judgment against Barbara's claims.

## BACKGROUND

William was involved in a collision with a boat owned by Michael Cucinotta ("Cucinotta") on August 23, 2008, while operating a vessel owned by his parents, Barbara and Charles. (Cl. Br. at 3.)  Cucinotta commenced an action in New Jersey Superior Court alleging that William and Barbara's negligence caused the collision and subsequent damages and injury.  (Id. at 4.)  He specifically alleged that they "negligently inspected, maintained and serviced the boat," and that William operated the boat in a negligent manner.  (Id.)  The petitioners subsequently filed a petition in this Court seeking exoneration from or limitation of liability pursuant to the Limitation Act.  (Id.)

## DISCUSSION

**I.   12(b)(6) Standard**

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

**II. Limitation Act**

The Limitation Act permits an owner of a vessel to "limit its liability for damages arising from an accident involving the vessel." In re Martell, 742 F.Supp. 1147, 1152 (S.D. Fla. 1990); 46 U.S.C. § 30505. It provides limitation of liability for loss or damage if that "loss occurred without the owner's privity or knowledge." In re Cirigliano, 708 F.Supp. 101, 103 (D.N.J. 1989). "To invoke the benefits of the Limitation [Act] . . . an entity must be either an actual owner or owner pro hac vice of the vessel at issue." Norfolk Dredging Co. v. Kastner, 264 F.Supp.2d 265, 267 (D. Md. 2003). The party seeking limitation of liability under the Limitation Act "bears the burden of pleading facts establishing entitlement to do so." Id.

"The word 'owner' in the Limitation Act is accorded a liberal, common sense interpretation in order to effectuate the intent of the act." Hammersley v. Branigar Org. Inc., 762 F.Supp. 950, 956 (S.D. Ga. 1991) (citations omitted). Title ownership is not dispositive of the issue of who is an "owner" for purposes of the Act: "whether or not one is to be deemed an 'owner' depends largely upon the possibility that he may be subjected to a liability which ordinarily is assertable against one having, or claiming to have, proprietorship or dominion over the subject of the proceeding." In re Pet. of United States, 259 F.2d 608, 610 (3d. Cir. 1958) (internal citations omitted). "Factors such as who pays for storage of the vessel and who skippers the vessel, as well who has possession and control of the vessel, must be taken into account in determining who is an owner for purposes of the Act." In re Nobles, 842 F.Supp. 1430, 1437 (N.D. Fla. 1993) (internal citations omitted). Courts also look to the degree of autonomy from the actual owners the managers exercise. Birmingham Se., LLC v. Merch. Patriot, 124 F.Supp.2d 1327, 1338 (S.D. Ga. 2000).

Cases which have found managing agents to be entitled to owner pro hac vice status where their responsibilities include: "[m]anning the vessels; victualing the vessels, providing for navigation, which involved procuring and providing deck, engine and cabin stores; maintenance and repairs for hull and machinery;

4

providing spare parts, maintenance and repairs for communication and navigation equipment . . . and communicating with [the owner] and the vessels' time charterers." In re Chesapeake Shipping, 803 F.Supp. 872, 873-74 (S.D.N.Y. 1992).

### III. Current Motion

Teleflex contends that William is not entitled to the protections under the Limitation Act because he is not the owner or owner pro hac vice of the vessel. (Cl. Br. at 10.) It argues that William had no responsibility for the maintenance of the boat and "shouldered no part of the burden of ownership." (Id. at 18.) Teleflex further argues that even if the Court deems William to be an owner pro hac vice of the vessel, he is not afforded protection under the Limitation Act because he was operating the vessel at the time of the collision. (Id. at 19.) It contends that because he was operating the vessel at this time, it cannot be said that he was without "privity or knowledge" of the operation. (Id. at 20.)

The petitioners contend that William is, in fact, an owner pro hac vice of the vessel and as such, is afforded protection under the Limitation Act. (Pet. Br. at 4.) They further argue that the Court should not dismiss the Complaint merely because William was operating the vessel at the time of the collision. (Id. at 11.) They contend that in cases brought under the Limitation Act, the claimant has the initial burden of proving

5

negligence. (Id. at 11-12.) Only after this burden is met should the Court determine whether the owner had knowledge or privity. (Id.)

The fact that William was operating the vessel at the time of the collision is insufficient for purposes of this motion. "[A] denial of an owner's petition for exoneration from limitation of liability . . . [cannot] be based solely on a finding that the owner was the operator of the vessel at the time the collision occurred." Cirigliano, 708 F.Supp. at 103. The Cirigliano court found that summary judgment based solely on the fact that the alleged owner was operating the vessel at the time of the collision was inappropriate. Id. at 104.

The Court does find, however, that the Complaint alleges sufficient facts to raise an issue as to whether William qualifies as an owner pro hac vice of the vessel. See Rogers v. Lilly, No. 04-2133, 2006 WL 3342621, at *6 (N.D. Ohio Nov. 17 2006) (non-titled operator's claim for limitation of liability survived motion to dismiss where complaint alleged joint responsibility for the vessel). The Amended Complaint alleges that William "personally operated the vessel," "ensured the [v]essel was victualed," "communicated with the owners (his parents) on the status" of the vessel, and "interfaced" with the marina to launch, haul, maintain, and repair the vessel. (Am. Compl. at 2.) William also testified at a deposition that he had

6

"free-run [sic] to operate [the vessel] at [his] discretion," and no other family members were permitted to take the boat out without his presence. (Pet. Br. at 7.) In addition, Charles averred the vessel was always "primarily operated by William," William conducts "nearly all communications" with the marina regarding the boat, and "most other decisions regarding the vessel" are made by William. (Dkt. entry no. 42, Ex. B, Aff. of Charles Tourtellotte at 2-4.) Thus, construing the Amended Complaint most favorably to the petitioners, William may be entitled to owner pro hac vice status. See also Calkins v. Graham, 667 F.2d 1292, 1294 (9th Cir. 1982) (where court noted that petitioner's contention that he was an "owner" because he "operated and managed" the vessel "may have had some merit while Calkins was in exclusive possession and control of the vessel for his mother").

However, because William does not own the vessel, does not pay for insurance, repairs, or fuel, and, as he testified during a deposition, does not have the authority to make "ultimate decision[s]" regarding the vessel (Cl. Mot. at 16-18), the Court cannot conclude at this time that William is actually entitled to owner pro hac vice status. See In re Skipperline, No. 00-730, 2002 WL 32348827, at *10-11 (W.D. Wis. Jan. 31 2002) (summary judgment denied as to limitation of liability for defendant president of company that held actual title to the vessel,

7

because the facts showed he did not personally pay the insurance, taxes, or titling fees, and was only "required to pay for the fuel consumed during his personal use"); Hammersley, 762 F.Supp. at 956 (summary judgment denied because issue of fact as to ownership where defendant had his name on the docking and storage agreement, skippered the vessel most of the time, and paid for slip with joint funds).

Teleflex further seeks summary judgment as to the claim by Barbara because "no evidence has been developed upon which [she] could be held liable for damages". (Cl. Br. at 25.)  However, the Court notes that it advised the petitioners and Teleflex in its previous Opinion that they did not adequately address whether summary judgment is appropriate.  (Dkt. entry no. 29, Op.)  Since then, the parties have not contributed any additional material to the issue.  (See Cl. Br. at 25-26; Pet. Br. at 14.)  Thus, the Court will deny without prejudice the part of the motion seeking summary judgment as inappropriate at this time.

## CONCLUSION

The Court, for the reasons stated supra, will deny the motion.  The Court will issue an appropriate order.

                                               s/Mary L. Cooper
                                               **MARY L. COOPER**
                                               United States District Judge

Dated:    December 9, 2010